UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Erik Morrow, | ) C/A No. 8:08-154-HFF-BHH |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) for partial summary dismissal |
| | ) |
| Mr. Larry W. Powers, Director; | ) |
| Medical Department; | ) |
| Officer J. Madden; | ) |
| | ) |
| Defendants. | ) |

Background

The plaintiff, Erik Morrow, is incarcerated in the Spartanburg County Detention Center, and he proceeds *pro se* and *in forma pauperis* to bring this action pursuant to 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs.[1]  First, he alleges that in 2006 he caught an infection which caused his face to swell and much dizziness, but that his requests for help directed at defendant Madden were to no avail until finally the infection became so bad he was rushed to the hospital.  He alleges that the said infection was nearly fatal.  (Compl. at p.3)  Second, the plaintiff alleges that in 2007 defendant Madden handed out his medicine cup with the plaintiff's name on it but with incorrect medicine inside the cup; the plaintiff alleges that he ingested the incorrect medicine and became ill.  The plaintiff alleges that defendant Madden was not trained in medicine and should not have been permitted to hand out medicine. Third, the plaintiff alleges that in the Fall of 2007 he was incarcerated after being in an automobile accident, and that he had

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

resulting injuries to his leg for which he had crutches and a leg brace.[2] He alleges that the jail staff took his medical equipment away, and that he advised the staff that he needed help walking and that he was in pain. He further alleges that he fell in a liquid spill that was on the floor which caused him to be injured. He alleges that the treatment he received was inappropriate because only medicine was given to him. He claims that currently he cannot use his left leg, that his hip and back continue to hurt, and that he needs to see the doctor who had set his leg. (Compl. at pp. 4-5)

The plaintiff claims that he has submitted numerous requests or complaints to the warden/director and that he is still seeking medical treatment to date. The plaintiff requests compensatory and punitive damages and for equitable relief that the jail policies be changed. Because the defendant "medical department" is not a proper defendant, it should be summarily dismissed from this action prior to service of process.[3]

*Pro Se* Plaintiff Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:

---

[2] The plaintiff alleges that he was in and out of the Spartanburg County Detention Center several times from 2006 to date.

[3] In the plaintiff's caption, he only listed Larry W. Powers as the defendant. However, in body of the complaint in the section for additional defendants the plaintiff listed the "medical department" and Officer J. Madden as additional defendants. (Compl. at p.2). The Clerk of Court determined that the plaintiff had intended for those two additional defendants to be parties to the action, so the clerk added the two additional defendants to the docket and caption. This was appropriate; however, as explained herein, the "medical department" is subject to dismissal.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Section 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, a portion of the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim

on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Liberally construed, the detainee plaintiff states a claim pursuant to 42 U.S.C. § 1983 for violation of the Fourteenth Amendment due to deliberate indifference to a serious medical need.  However, the "medical department" of the Spartanburg County Detention Center is not a proper defendant because the medical department is not a "person" subject to suit in a § 1983 civil rights action.  In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws"  by a "person" acting  "under color of state law."  *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).  It is well settled that only "persons" may act under color of state law, therefore, a defendant in a Section 1983 action must qualify as a "person."  The medical

4

department is apparently either a building or facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, this defendant is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that the California Adult Authority and San Quentin Prison were not "person[s]" subject to suit under 42 U.S.C. § 1983); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

## Recommendation

Accordingly, it is recommended that the District Court summarily dismiss from this action the defendant "medical department" *without prejudice* and without issuance and service of process. Process shall issue for service of the remaining defendants.[4] *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); 28 U.S.C. § 1915(e)(2)(B).

*Plaintiff's attention is directed to the important notice on the next page.*

s/Bruce Howe Hendricks
United States Magistrate Judge

January 30, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

---

[4] In a separate order entered contemporaneously in this action, the undersigned authorizes service of process upon the remaining defendants.

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).