IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Erik Morrow, #266037, ) | |
| ) | Civil Action No. 8:08-154-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Mr. Larry W. Powers, Director; Medical ) | |
| Department; Officer J. Madden, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, alleges his constitutional rights have been violated pursuant to 42 U.S.C.§ 1983. This matter is before the Court on the defendants' motion for summary judgment. [Doc. 24.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**DISCUSSION**

The plaintiff has alleged that the defendants were deliberately indifferent to his medical needs on four separate occasions. Specifically, the plaintiff contends that during his incarceration at the Spartanburg County Jail, on or about May 22, 2006, his face was swollen and that the defendants disregarded this condition. The plaintiff further contends that during a subsequent incarceration, between May and June 2007, he was given another inmate's medication and became sick as a result. Next, the plaintiff contends that at the time of his rearrest on September 17, 2007, he had a broken leg. He alleges, however, that the defendants took his crutches and leg brace and refused to return them or provide pain medication. Lastly, the plaintiff complains about the care he received after slipping on liquid in the hallway, on December 19, 2007. The Court will address each incident in turn.

The Eighth and Fourteenth Amendments require the government "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended.[1] *Id.* at 104.

---

[1] The court notes that the plaintiff was a pretrial detainee at the times of the alleged constitutional violations. Medical claims of a pretrial detainee are governed by the Due Process

3

Deliberate indifference is a very high standard. In *Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *See Estelle*, 429 U.S. at 104; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). The test for deliberate indifference, therefore, has two parts. First, whether the deprivation of medical care was sufficiently serious (objective component) and second, whether there existed a culpable state of mind (subjective component). *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

---

Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988) (citing *Estelle*, 429 U.S. 97).

### 1.   Swollen Face - May 22, 2006

The plaintiff first contends that while at the Spartanburg County Jail he contracted an infection. He alleges that the defendants failed to treat the infection until his head and face became so swollen that he blacked out. (Compl. at 3.) He contends that after days of seeking medical help, he was rushed to Spartanburg Regional Medical Center ("SRMC") where he claims to have been told that the infection had spread to his head and any further delay would have been fatal. *Id*.

The plaintiff has produced no evidence whatsoever concerning this claim. He has produced no evidence of infection. He has produced no evidence of medical requests. He has produced no evidence or made any allegation concerning the delay between whenever he first requested treatment and when he ultimately received it.

Conversely, the medical records expressly indicate that he was seen by medical staff on May 22, 2006 for the infection and swollen face. (Collins Aff. ¶ 6, Ex. 1.) His temperature was normal. *Id*. He was prescribed pain medication and an inhaler. *Id*.

On May 25, 2006, the plaintiff submitted a request for medical attention because his face was still bothering him. He was seen by medical, and then transported to SRMC on May 26, 2006. (Collins Aff. ¶ 6, Exs. 1, 2.) The plaintiff was prescribed Clindamycin and Lortab. Such prescriptions were promptly filled and given to him. (Collins Aff. ¶ 6, Ex. 1.) The medical records indicate that the plaintiff was seen again in medical for follow up on June 5 and June 7, 2006. *Id*. The swelling had gone down, but the plaintiff still complained

of pain. *Id*. He was prescribed additional medication. *Id*. The plaintiff's last request related to the infection was one for smaller band aids on June 21, 2006, which was honored. *Id*.

The plaintiff has not disputed any of these records nor has he met them with any probative and conflicting evidence. To the extent he claims there was a delay between when he complained of the infection and when he was actually first seen, he has not substantiated it. The record reveals that he complained of the infection on May 22 and was seen that day. (Collins Aff. ¶ 6, Ex. 1.) In fact, the request slip from May 25 specifically states that he "recently visit[ed] the nurse and was getting some treatment for [his] swollen jaw . . . ." (Collins Aff. Ex. 1 at 4.) This statement seems consistent with the defendants' representation and evidence that the plaintiff was timely seen on May 22 after complaining of swelling. The plaintiff, in this request for treatment, does not allege any delay predating May 22 and there is no evidence of any.

To the extent the plaintiff means to contend that he should have been taken to the hospital on May 22 and not May 22, he has two problems. First, the plaintiff is not guaranteed the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("The affidavits submitted to the District Court reflect that Russell was under constant medical supervision

6

from the time of his arrival at Botetourt. Questions of medical judgment are not subject to judicial review.").

Second, "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir.1994). As stated above, a medical need is serious if a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. at 1037. The plaintiff has failed to allege how any such delay in his treatment resulted in a detrimental effect or has caused him a life-long handicap or permanent loss. The plaintiff has not established how any such delay caused him injury of any sort.

The only evidence of record is that the defendants were specifically attentive to the plaintiff's infection and swelling and not indifferent. No reasonable jury could conclude differently. The plaintiff, therefore, has failed to establish either the objective or subjective element of his claim. He has not shown any disregard and, even if he could, he has not shown any injury flowing from such disregard.

   **2.  Wrong Medication - May and June 2007**

The plaintiff next contends that when he was detained in May 2007 he was suffering from a preexisting injury, for which he was taking pain medication. He alleges that one of the officers delivered the medication but mistakenly gave the plaintiff another inmate's prescription. The plaintiff contends that as a result he became immediately sick.

7

Mere negligence or malpractice, however, does not violate the Eighth Amendment. *Miltier*, 896 F.2d 848. To rise to the level of an Eighth Amendment violation, conduct that does not purport to be punishment "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause. . . ." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). The plaintiff does not ever contend that the defendant officer intended to give the plaintiff the wrong prescription. At most he has made out a negligence claim not cognizable under Section 1983.

To that end, the defendants have put forward evidence as to how such negligent mix-up occurred. (Powers Aff. ¶ 6, Ex. 2.) This evidence is not disputed by the plaintiff. Courts have consistently concluded that the administration of the wrong medication does not violate the Eighth Amendment without evidence of deliberate indifference. *See Brown v. Briscoe*, 998 F.2d 201, 203 (4th Cir. 1993); *Jackson v. Stach*, 2008 WL 819963, at *3 (W.D. Wash. March 25, 2008). The plaintiff has produced none. He alleges nothing but negligence and a reasonable jury could find no more.

### 3.    Leg Treatment - September 17, 2007

The plaintiff also complains that when he was rearrested on September 17, 2007, he was still recovering from a broken left leg. The plaintiff contends that upon being admitted to the jail, the defendants took his crutches and leg brace. He alleges that as a result he was in more pain while sleeping overnight on the floor without a mat or cover. The

8

plaintiff has not produced any evidence of injury. He has not even alleged actionable pain sufficient to satisfy the objective element of his claim. There may be some incidents which "cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain." *Norman*, 25 F.3d at 1264. Such circumstances, however, must be "repugnant to the conscience of mankind." *Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir. 1994). The Court knows of no precedent which would weigh in favor of characterizing the present set of allegations as "repugnant to the conscience of mankind." Even assuming the crutches were taken from him, as the Court must, the plaintiff has done nothing more than allege some non-specific degree of pain. These are not actionable allegations.

Moreover, the defendants have produced evidence that they had already provided treatment and physical therapy for the plaintiff's leg injury, during a prior incarceration, and that such treatment had been completed in mid-June 2007, months before the alleged September 2007 incident. (Powers Aff. ¶ 9.) The plaintiff has made no response to this evidence.

Ultimately, the plaintiff has not produced evidence to satisfy the objective component of his deliberate indifference claim regarding the September 2007 incident. There is no evidence of any actionable injury or pain from which a reasonable jury could find in his favor.

### 4.     Slip and Fall - December 19, 2007

Lastly, the plaintiff complains regarding a slip and fall on December 19, 2007. His precise claim is not clear. He admits that after the fall he was immediately put in a "wheelchair and pushed to medical." (Compl. at 4.) The defendant has put forward additional undisputed evidence that the plaintiff was transported to the SRMC Emergency Room. (Powers Aff. ¶¶ 10, 11, Exs. 3, 4, 5; Collins Aff. ¶ 20, Ex. 6.) The plaintiff was treated in the SRMC Emergency Room and found medically stable to return to the jail. *Id.* The hospital recommended the use of crutches for 10 days following the fall. *Id*.

The plaintiff does not explain what additional care he required but was denied. He does not explain what injuries he believes that he suffered as a result of any such alleged denial of care. He does complain that he waited for 3 hours before being seen by the doctor on December 19. As stated, however, an allegation of delay is not actionable in the absence of some evidence of resulting injury. *See Hill*, 40 F.3d at 1188. The plaintiff has offered none.

The record and the plaintiff's own admissions reflect nothing but attention to his medical needs. No reasonable jury could conclude differently.

**CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment [Doc. 24] be GRANTED and the plaintiff's claims be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

February 13, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).