

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| ERIK MORROW, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8:08-0154-HFF-BHH |
| § | |
| MR. LARRY W. POWERS, Director, § | |
| MEDICAL DEPARTMENT, and § | |
| OFFICER J. MADDEN, § | |
| Defendants. § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' Motion for Summary Judgment [Doc. 24] be granted and Plaintiff's claims be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 13, 2009, but Plaintiff failed to file any objections to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

In carefully reviewing the Report and the record before it, and to be absolutely clear, the Court is well aware that this pretrial detainee's constitutional claims fall under the Fourteenth, and not the Eighth, Amendment. The Court is also cognizant of the fact that a pretrial detainee has the right to be free from any form of punishment under the Due Process Clause of the Fourteenth Amendment. *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990). Thus, any suggestion that the Fourteenth Amendment allows punishment of a pretrial detainee is wholly rejected. Moreover, as stated in the Report, the Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee. *Martin v. Gentile,* 849 F.2d 863, 871 (4th Cir. 1988) (citations omitted).

With the applicable law in mind, and after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Defendants' Motion for Summary Judgment [Doc. 24] be **GRANTED** and Plaintiff's claims be **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Signed this 10th day of March, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>HENRY F. FLOYD<br>UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.